**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

USIEL REYNA MESA,                          )
                                           )
            Petitioner,                    )
                                           )
v.                                         )            Case No. CIV-26-775-J
                                           )
FRED FIGUEROA, et al.,                     )
                                           )
            Respondents.                   )

**<u>ORDER</u>**

Petitioner Usiel Reyna Mesa, a citizen of Mexico, is currently in the custody of the U.S.

Immigration and Customs Enforcement (ICE).  He has filed a Petition for Writ of Habeas Corpus

(Petition) [Doc. No. 1].  The matter was referred to United States Magistrate Judge Chris M.

Stephens who entered a Report and Recommendation recommending the Petition be granted and

Petitioner be released subject to the conditions of his prior parole.  The parties were advised of

their right to object to the Report and Recommendation by June 25, 2026 and to respond to the

other party's objections by June 30, 2026.  Respondents filed an objection [Doc. No. 21], which

triggers de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808

(10th Cir. 2023), and Petitioner has filed no response to Respondents' objection.

Petitioner was admitted to the United States in 2023 on a B1/B2 nonimmigrant visa.  On

November 9, 2023, Petitioner was adopted by a United States citizen.  In November 2023, before

the expiration of his authorized stay pursuant to his visa, Petitioner briefly left the country and re-

entered the United States on November 27, 2023.  At that time, Petitioner was questioned by

immigration authorities and designated as an "arriving alien."  On January 8, 2024, Petitioner was

granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5) and released from the custody of

ICE.  Petitioner's parole was valid until January 8, 2025 and automatically terminated at the end

of the one year period when he was not provided with an extension.  On January 9, 2024, ICE formally placed Petitioner into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i) as someone not in possession of valid entry documents.  Later in 2024, Petitioner filed an Application for Asylum and for Withholding of Removal.  On March 13, 2026, ICE re-detained Petitioner pursuant to an arrest warrant while voluntarily appearing for a scheduled check-in appointment.

In their objection, Respondents contend, in part, that Petitioner remains an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  Upon review, the Court concludes that Petitioner's termination of humanitarian parole did not automatically return him to mandatory detention under § 1225(b)(1).  As this Court has previously recognized, parole under 8 U.S.C. § 1182(d)(5)(A) does not, by itself, revert Petitioner's status back to that of an arriving alien.  *See Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560 (W.D. Okla. Apr. 7, 2026).  Numerous courts have likewise concluded that a noncitizen's detention does not necessarily revert to § 1225 upon termination of humanitarian parole.  *See Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2–3 (W.D. Okla. May 26, 2026); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *4–6 (S.D.N.Y. Apr. 3, 2026); *Capote Zamora v. Mullin*, No. 26-CV-00538-PAB, 2026 WL 1026810, at *3 (D. Colo. Apr. 16, 2026) ("[R]egardless of whether petitioner was detained pursuant to § 1225(b)(1) or § 1225(b)(2) upon his initial entry into the United States, petitioner's detention did not revert back to § 1225 when his parole was terminated."); *see also Cunha v. Freden*, 175 F.4th 61, 85 (2d Cir. 2026) (rejecting broad reliance on the "entry fiction" doctrine in the detention context).  And while the Court recognizes that some courts have reached

2

a contrary conclusion, *see, e.g., Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025), this Court respectfully declines to adopt that approach.[1]

Here, Petitioner's current detention is not part of the inspection process, nor does it arise from an attempted entry at a port of entry.  Rather, Petitioner was paroled into the United States, permitted to reside in the interior of the country for over two years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities.  Under those circumstances, Petitioner's detention is more naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of § 1226(a).  *See Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.") (citation modified).

Accordingly, consistent with the growing body of authority addressing this issue, the Court concludes that Petitioner's present detention is governed by § 1226(a), not § 1225(b)(1).  Additionally, because Petitioner's detention is governed by § 1226(a), the Court concludes the

---

[1] The Court has also carefully reviewed *Sierra v. INS*, 258 F.3d 1213 (10th Cir. 2001), and *Suarez-Tejeda v. United States*, 85 F. App'x 711 (10th Cir. 2004), but does not find either case dispositive. In *Sierra*, a Mariel Cuban challenged his withdrawal of parole based on his criminal history without a hearing after officials rescinded a recommendation that he be released from detention. 258 F.3d at 1215–18.  The Tenth Circuit's discussion did not address whether a noncitizen's re-detention following termination of parole is governed by 8 U.S.C. § 1225 or § 1226.  *See Flores v. Leyva*, 4:26-CV-00060-DN-PK, 2026 WL 1830958, at *14 (D. Utah June 25, 2026).  Likewise, *Suarez-Tejeda* merely recognized that parole granted to a Mariel Cuban arose under § 1182(d)(5)(A).  85 F. App'x at 712.  Neither decision considered the statutory detention framework presented here, much less held that termination of parole automatically subjects a noncitizen to mandatory detention under § 1225(b)(1).

proper remedy in this case is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).

The Court, therefore, ADOPTS the Report and Recommendation in part [Doc. No. 16] and GRANTS Petitioner's Petition for Writ of Habeas Corpus as follows:  Respondents are ordered to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a hearing within that period.  Respondents shall certify compliance within ten (10) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 23rd day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE